# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1314V

| | |
|---|---|
| VICTOR MINERA,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: August 14, 2024 |

*Jessi Carin Huff*, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On September 16, 2022, Victor Minera filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre syndrome ("GBS") as a result of an influenza vaccine administered on December 18, 2020. Amended Petition at 1, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 1, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On July 23, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $139,006.55 (comprised of $138,500.00 for pain and suffering and $506.55 for past unreimbursable expenses). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

      Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $139,006.55 (comprised of $138,500.00 for pain and suffering and $506.55 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

      The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

      **IT IS SO ORDERED.**

      <u>**s/Brian H. Corcoran**</u>
      Brian H. Corcoran
      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| VICTOR MINERA, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 22-1314V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 16, 2022, Victor Minera ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS"), a Table injury, as a result of an influenza ("flu") vaccine he received on December 18, 2020.[1] Amended Petition at 1, 3. On November 27, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded for GBS, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation on December 1, 2023. ECF No. 27; ECF No. 28.

**I.    Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $138,500.00 in actual pain and suffering. Petitioner agrees.

---

[1] In the petition filed on September 16, 2022, petitioner alleged an injury from a December 19, 2020 flu vaccination. Petition at 1. In an amended petition, filed on February 6, 2023, petitioner alleged an injury from a December 18, 2020 flu vaccination. Petitioner's vaccination record, however, indicates that he received the flu vaccine on December 18, 2019. Exhibit 1 at 3.

  B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $506.55. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.** **<u>Form of the Award</u>**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $139,006.55, representing compensation for pain and suffering ($138,500.00) and past unreimbursable expenses ($506.55), in the form of a check payable to petitioner, Victor Minera.

**III.** **<u>Summary of Recommended Payments Following Judgment</u>**

Lump sum payable to petitioner, Victor Minera:     **$139,006.55**

         Respectfully submitted,

         BRIAN M. BOYNTON
         Principal Deputy Assistant Attorney General

         C. SALVATORE D'ALESSIO
         Director
         Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        s/ Sarah C. Duncan
        SARAH C. DUNCAN
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel:  (202) 514-9729
        Email:  sarah.c.duncan@usdoj.gov

DATED:  July 23, 2024